**Tesfaldet ABRAHA, Petitioner,**

v.

**John ASHCROFT, Attorney General of the United States, Respondent.**

**No. 02–1730.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Jan. 22, 2003.

Decided Feb. 4, 2003.

Before BECKER, Chief Judge, NYGAARD, and AMBRO, Circuit Judges.

OPINION OF THE COURT

NYGAARD, Circuit Judge.

This case presents a challenge to the Board of Immigration Appeals' denial of an alien's motion for reconsideration. Because the Board did not abuse its discretion in denying the motion, we will affirm the BIA and deny the petition for review.

We write for the parties, who are already familiar with the facts of this case. Therefore we limit our discussion to those facts essential to our decision. Tesfaldet

Abraha, a native and citizen of Ethiopia, applied for asylum and withholding of removal. An Immigration Law Judge denied Abraha's application. Abraha sought timely review by the Board of Immigration Appeals. The Board conducted *de novo* review of the claim and upheld the ILJ's decision on December 18, 2001.

Within the thirty days allowed to challenge the Board's decision, Abraha filed a motion for reconsideration. The Board denied Abraha's motion for reconsideration, and Abraha now timely appeals from that decision. We review the Board's denial of a motion for reconsideration for abuse of discretion. *See Nocon v. INS,* 789 F.2d 1028, 1029 (3d Cir.1986). To obtain reconsideration, the alien must specify errors of fact or law in the Board's decision, supported by pertinent authority. *See* 8 C.F.R. § 3.2(b)(1).

In his motion for rehearing before the Board, Abraha distinguished his case from *Faddoul v. INS,* 37 F.3d 185 (5th Cir. 1994), which the Board cited in its December decision. In distinguishing his case from *Faddoul,* Abraha did not point to any legal error committed by the Board, and he does not now challenge the Board's explanation that it cited *Faddoul* only for the proposition that matters of citizenship are left to the sovereign. Similarly, Abraha did not specify any factual errors in the Board's December decision. As the Board noted in denying the motion for reconsideration, "the facts indicated by the respondent ... were all factors which we took into consideration in our previous order." App. at 14. Because Abraha failed to meet the requirements of specifying legal and factual errors to obtain a rehearing, the Board did not abuse its discretion in denying his motion. *See e.g., Nocon,* 789 F.2d at 1033.

Instead of focusing on his challenge to the Board's denial of his motion for reconsideration, Abraha attempts to challenge Board's underlying December decision. However, the December decision is not properly before us. Although Abraha filed his petition for review within 90 days of the Board's first decision, he only sought review of the Board's decision "denying the Petitioner's Motion to Reconsider the Board's dismissal of his appeal of the denial of his application ..." App. at A–3. Review of the original decision and review of the motion for reconsideration are distinct. *See Stone v. INS,* 514 U.S. 386, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995); *Nocon,* 789 F.2d at 1033–34. In a challenge to the motion to reconsider we cannot review the underlying decision as if it were properly before us, for to do so would be inconsistent with the Supreme Court's decision in *Stone.* Because the Board did not abuse its discretion in denying Arbaha's motion for reconsideration, we will affirm the Board's decision and deny the petition for review.